IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                    Plaintiff,

          v.                              CASE NO. 21-3058-SAC

BUREAU OF PRISONS, et al.,

                    Defendants.


<u>MEMORANDUM AND ORDER</u>

     This matter is before the court on a motion to alter or amend
the judgment. Plaintiff filed this action as a pretrial detainee and
is subject to the three strikes provision of the federal in forma
pauperis statute, 28 U.S.C. § 1915(g). The court conducted an initial
review of the complaint, and, finding plaintiff did not show imminent
danger, directed him to submit the full filing fee. When plaintiff
failed to do so, the court dismissed the case without prejudice.

     A motion to alter or amend under Fed. R. Civ. P. 59(e) may be
granted when "the court has misapprehended the facts, a party's
position, or the controlling law." *Nelson v. City of Albuquerque*, 921
F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v.
Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Relief is appropriate
only if the moving party can establish: (1) an intervening change in
the controlling law; (2) the availability of new evidence that could
not have been obtained previously through the exercise of due
diligence; or (3) the need to correct clear error or prevent manifest
injustice. *Servants     of     the     Paraclete,     id*. Motions
to alter and amend are "not appropriate to revisit issues already
addressed or advance arguments that could have been raised in prior

briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, *id*.). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

Plaintiff's motion to alter or amend judgment relies upon an order entered by the U.S. Court of Appeals for the Tenth Circuit on March 12, 2021, in its Case No. 20-3256, *Jones v. Armbrister, et al*. In that order, the court accepted a motion for leave to proceed in forma pauperis filed by plaintiff. (Doc. 10, Ex. B). Plaintiff argues that this shows that he was not a prisoner at the time this court applied § 1915(g) to the present case. Plaintiff is not entitled to relief. The exhibit offered by plaintiff shows that the Tenth Circuit accepted the motion "subject to reconsideration and further direction by the merits panel". A review of *Jones v. Armbrister* shows that the Tenth Circuit subsequently applied § 1915(g) and dismissed the appeal when plaintiff failed to submit the appellate filing fee.

Accordingly, plaintiff has not shown that the application of § 1915(g) in this action was in error, and he is not entitled to relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to alter or amend judgment (Doc. 10) is denied.

**IT IS SO ORDERED.**

DATED:  This 2nd day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge